**Francine K. WEISS, et al., Plaintiffs,**

v.

**Linda LEHMAN, et al., Defendants.**

Civ. A. No. 85–0721.

United States District Court,
District of Columbia.

June 26, 1989.

Emil Hirsch, Thomas, Hirsch & Albert, Washington, D.C., for plaintiffs Francine K. Weiss and Jacob J. Katzow.

Leonard C. Collins, Washington, D.C., for Hyman Alpert, Robert Alpert and Hy–Bob Co., Inc. (Alpert defendants).

Harry C. Storm, Abrams, West & Storm, Bethesda, Md., for Linda Lehman Gibson, a/k/a Linda Lehman, Linda Lehman Gib-son, Personal Representative of Estate of Morton A. Gibson, Lehman Gibson Associates, Inc., and Lehman Gibson Associates (Lehman/Gibson defendants).

## MEMORANDUM OPINION

SPORKIN, District Judge.

On May 22, 1989, this Court issued an Opinion and Order in the above matter in which the Court held on behalf of the plaintiffs. 713 F.Supp. 489. Subsequently both the plaintiffs and defendants requested me to make certain additional findings and to amend my Order of May 22. Specifically, plaintiffs take exception to the damages I assessed against the Lehman and Alpert defendants. They claim that, in addition to the disgorgement I ordered, plaintiffs are entitled to compensatory as well as punitive damages.

Plaintiffs state that as they read my Opinion I sustained their legal claims as well as their equitable claims. To the extent my Opinion may have been ambiguous on this point, I want to make it clear that it was my intent to limit recovery solely to the equitable grounds for breach of fiduciary duty. My intent to so limit recovery was made abundantly clear by my Order of May 22, 1989, requiring the Alpert and Lehman defendants to disgorge all commissions, fees, and profits they made in connection with plaintiffs' interests in the Baltimore properties involved in this action. On this point the Lehman and Alpert defendants have agreed with the plaintiffs that the amount of the disgorgement claim is $193,253. Because of this Agreement there is no need to conduct any further proceedings to determine the equitable amount of damages.

Because plaintiffs are either unable or unwilling to understand why I have denied their legal claims and the damages that flow from them I shall once again explain my reasoning. Plaintiffs who are highly sophisticated individuals acted with a combination of imprudence and greed in the conduct of their dealings with the Lehman and Alpert defendants. They clearly should have known they were paying ex-

cessive prices for their purchases of the Phase II Baltimore properties and their buy-out of the minority interests in Baltimore Joint Ventures XVI and XXI. In this regard, they knew that about the time they were paying over $24,000 per Baltimore property, partnerships in which they held an interest had in the very recent past paid only $10,000 for the same or similar properties. At no time before January 1985 did they even take the most modest steps to protect their financial interests by determining the value of the properties they were buying by having the properties appraised.

It is also clear that the plaintiffs were furthering their own economic motives when they ignored the substantial price disparity. By paying inflated prices for the Phase II properties and the buyout of the minority interests of the BJVs XVI and XXI, they were able to enhance their personal financial statements by stepping up the value of their entire investment portfolio in the Baltimore properties. In addition plaintiffs were able to obtain tax deductions for depreciation based on the inflated prices.

The plaintiffs in connection with their purchases of Baltimore properties borrowed money from innocent third parties who are entitled to be repaid. To transfer the responsibility to repay these obligations from the plaintiffs to the defendants could adversely affect the third parties' ability to recover the credit they legitimately extended to the plaintiffs.

As I stated in court on June 19, 1989, plaintiffs are indeed fortunate to obtain any recovery. I have ruled in their favor on the equitable claims because I found it would be unconscionable for the Lehman and Alpert defendants to benefit by their clear breach of fiduciary duty. This is all spelled out in my May 22, 1989, Opinion. An appropriate Order will follow.

## SUPPLEMENTAL AND AMENDED ORDER

On June 19, 1989, I held a hearing with respect to my May 22, 1989, Opinion and Order issued in the above matter. Based upon said hearing, the papers submitted by the parties, their arguments at the hearing, and the Opinion I have issued on this date, it is hereby

ORDERED that the Order issued by this Court on May 22, 1989, shall be and hereby is amended to delete that part of the first paragraph of said Order that reads as follows:

"... I find that the plaintiffs shall be granted judgment on their Common Law claims contained in Counts VIII (Common Law Fraud) and IX (Breach of Fiduciary Duty)."

and in its place the following shall appear:

"... I find that the plaintiffs shall be granted judgment on their claim contained in Count IX (Breach of Fiduciary Duty).";

and it is further

ORDERED that my Findings of Fact and Conclusions of Law issued May 22, 1989, be similarly amended to delete all Findings of Fact and Conclusions of Law pertaining to plaintiffs' Common Law fraud claims; and it is further

ORDERED that no damages are hereby awarded on the basis of plaintiffs' Common Law fraud claims and that the Lehman and Alpert defendants' liability and plaintiffs' recovery in this action are limited solely to the claim based on the Lehman and Alpert defendants' breach of fiduciary duty; and it is further

ORDERED that the Opinion issued on May 22, 1989, is supplemented and amended by the Opinion I have issued on this date; and it is further

ORDERED that the motions filed by the parties requesting that I make certain additional Findings of Fact and Conclusions of Law are hereby DENIED; and it is further

ORDERED that the amount of damages to be disgorged by the Lehman and Alpert defendants by agreement of the parties is the sum of $193,253 and that said sum shall be paid within 30 days by the Lehman and Alpert defendants to a special master to be named by the Court and be held for disbursement to the creditors of plaintiffs in

connection with the bankruptcy proceedings they have instituted; and it is further

ORDERED that the apportionment of the damages between the Lehman and Alpert defendants by agreement will be made by the said defendants and filed with the Court within seven days of this Order; and it is further

ORDERED that the plaintiffs within 60 days shall submit to the Court a plan as to how they intend to proceed with respect to the bankruptcy proceedings they have instituted; and it is further

ORDERED that this Court shall retain jurisdiction to order such other and further relief as may be appropriate.